

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| *In re*:<br><br>DOZIER FINANCIAL, INC.,<br><br>      Debtor.<br><br>─────────────────────────────<br><br>JANET B. HAIGLER, Chapter 7 Trustee,<br>      Debtor,<br><br>vs.<br><br>MICHAEL A. DOZIER; SEQUENCE<br>FINANCIAL SPECIALISTS LLC;<br>WEBSTERROGERS, LLP;<br>WEBSTERROGERS FINANCIAL<br>ADVISORS, LLC; SHILSON, GOLDBERG,<br>CHEUNG & ASSOCIATES; and WILLCOX,<br>BUYCK, AND WILLIAMS, P.A.,<br>      Defendants. | Civil Action No.: 4:18-1888-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING THE CORPORATE DEFENDANTS' MOTION TO
WITHDRAW REFERENCE OF ADVERSARY PROCEEDING**

## I.    <u>Introduction</u>

This matter arises out of the July 29, 2014 involuntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., filed against Dozier Financial, Inc. (Debtor), in the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court) styled as *In re: Dozier Financial, Inc.*, Bankruptcy Case No. 14-04262-HB (bankruptcy case). On

December 27, 2017, Janet B. Haigler, the Chapter 7 Trustee (Trustee), filed Adversary Proceeding No. 17-80113-HB in the Bankruptcy Court against Michael A. Dozier (Dozier), as well as corporate defendants Sequence Financial Specialists LLC (Sequence); WebsterRogers, LLP and WebsterRogers Financial Advisors, LLC (collectively WebsterRogers); Shilson, Goldberg, Cheung & Associates (SGC); and Willcox, Buyck & Williams, P.A. (Willcox) (collectively Corporate Defendants). The Corporate Defendants filed the instant matter in this Court on July 10, 2018 as a motion to withdraw the refence of the adversary proceeding. ECF No. 1. The Court has jurisdiction under 28 U.S.C. § 1331.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the Corporate Defendants' motion to withdraw the reference be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

**II.      Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 6, 2018. ECF No. 12. The Trustee filed objections to the Report on September 19, 2018. ECF No. 15. The Corporate Defendants replied to the Trustee's objections on October 8, 2018. ECF No. 17. Dozier failed to respond to

the Report but he advised the Magistrate Judge he did not take a position on the pending motion. ECF No. 12 at 2.

### III. Discussion and Analysis

The Report recommends this Court grant the Corporate Defendants' motion to withdraw the reference and direct the underlying adversary proceeding to be filed as a separate case in this Court. The Trustee objects to the Magistrate Judge's recommendation and insists the adversary proceeding is properly filed in the Bankruptcy Court and therefore the Corporate Defendant's motion to withdraw the reference should be denied. Specifically, the Trustee asserts in her objections: (1) the Magistrate Judge erred in assessing the timeliness of the Corporate Defendants' motion; (2) the Magistrate Judge erred in finding mandatory withdrawal appropriate; and (3) the Magistrate Judge erred in finding permissive withdrawal appropriate. ECF No. 15 at 2. The Court will address each of the Trustee's objections in turn.

As a preliminary matter, the local rules for this District automatically refer "to the bankruptcy judges for this district all cases under Title 11 [the Bankruptcy Code] and all proceedings arising under Title 11 or arising in or related to a case under Title 11." Local Civ. R. 83.IX.01 (D.S.C.) However, Title 28, Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The first sentence of §157(d) is commonly referred to as "permissive withdrawal"; the second sentence is referred to as "mandatory withdrawal" of proceedings referred to the Bankruptcy Court. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473 (4th Cir. 2015).

The Magistrate Judge suggested the Corporate Defendants meet the requirements for both mandatory and permissive withdrawal in this case.

The Court will first consider the Trustee's objection to the Magistrate Judge's recommendation the Corporate Defendants' motion to withdraw the reference was timely. The Trustee objects to the Magistrate Judge's conclusion the Corporate Defendants did not impliedly consent to the jurisdiction of the Bankruptcy Court when they filed motions to dismiss for improper venue, alternative motions to transfer venue, and motions to dismiss under Fed. R. Civ. P. 12(b)(6) in the Bankruptcy Court. The Trustee acknowledges the Corporate Defendants explicitly withheld consent to jurisdiction by the Bankruptcy Court by including language to that effect in their motion to dismiss filed in the Bankruptcy Court, but the Trustee asserts this attempt to withhold consent to jurisdiction is ineffective because the Corporate Defendants still sought the Bankruptcy Court's dismissal of the Complaint. In response, the Corporate Defendants assert courts in other jurisdictions have routinely granted motions to withdraw in similar situations where the motion to withdraw was filed in district court prior to, or simultaneously with, the filing of an answer in Bankruptcy Court and before the parties exchanged any discovery.

A bankruptcy judge may enter appropriate orders and judgments in all core proceedings arising under Title 11. *See* 28 U.S.C.A. § 157(b)(1). A bankruptcy judge may also enter dispositive orders in non-core proceedings otherwise related to a case under Title 11 as long as the parties consent to such jurisdiction. *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 402 (4th Cir. 1992). The consent of the parties may be implied from the conduct of the parties. *Id*. at 403-04. The Court agrees with the Magistrate Judge's conclusion the Corporate Defendants' motion to withdraw the reference is timely. Not only did the Corporate Defendants file their motion to withdraw the reference before all responsive pleadings were due in the Bankruptcy

Court, but they also filed the motion prior to filing their Answer and prior to the exchange of any discovery. The only activity that occurred since the Trustee filed the Complaint in Bankruptcy Court were motions on the pleadings. In addition, the Corporate Defendants explicitly withheld their consent to disposition by the Bankruptcy Court by including language withholding consent in their motion to dismiss. For all these reasons, the Court will overrule the Trustee's first objection and hold the Corporate Defendants timely filed their motion to withdraw the reference.

The Trustee next objects to the Magistrate Judge's recommendation mandatory withdrawal is required in this case. There is no controlling precedent in the Fourth Circuit regarding the mandatory withdrawal provision of §157(d), and courts elsewhere are not uniform in their construction of the phrase "requires consideration" as set forth in the statute. There are two primary tests courts use to determine what "requires consideration" means in the context of a motion for mandatory withdrawal. The majority test, adopted by the Second and Seventh Circuits, provides Congress would have intended to have cases withdrawn from bankruptcy courts only when the cases involved "issues requiring significant interpretation of [non-bankruptcy] federal laws," rather than "the straightforward application of a federal statute to a particular set of facts." *In re US Airways Group, Inc.*, 296 B.R. 673, 678 (E.D. Va. Aug. 13, 2003) (quoting *In re Johns-Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y. Aug. 5, 1986). A minority of courts have applied different tests, effectively narrowing when mandatory withdrawal is required under §157(d). *See In re TPI Int'l Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998) (holding mandatory withdrawal is required "when complicated interpretive issues, often of first impression, have been raised under non-Title 11 federal laws or when there is a conflict between the bankruptcy and other federal law," provided the resolution of such issues is "essential to the dispute.").

The Trustee asserts "the Magistrate improperly conflates the focus of the analysis by the court when determining whether the matter will require 'substantial and material consideration' of non-bankruptcy federal law as laid out by the 7th and 2nd Circuits." ECF No. 15 at 5. The Trustee avers the Magistrate Judge failed to correctly apply either test in the Report and instead "created its own" by focusing on the "factual difficulty of such claims to the litigants." *Id*. The Trustee advances the Magistrate Judge should have focused on "how resolution of the dispute would require the court to do more than make routine interpretation of the laws." *Id* at 6. According to the Trustee, neither the Report nor the Corporate Defendants have raised "a single interpretative issue, issue of first impression, or otherwise that would cause the bankruptcy court to do more than routine interpretation and application to the facts, however complicated those facts may be." *Id*. at 6-7.

Although the Fourth Circuit has yet to enumerate specific factors to consider in deciding a motion for mandatory withdrawal, other courts within the Fourth Circuit have considered the following in determining whether mandatory withdrawal is appropriate: (1) if the movant made a timely motion for withdrawal; (2) if the Bankruptcy Court would be called upon to apply non-bankruptcy federal law; and (3) if the application of non-bankruptcy federal law is essential (i.e., substantial and material) to the bankruptcy proceeding. *See Eli Global, Inc. v. Univ. Directories*, LLC, 532 B.R. 249 (M.D.N.C. May 15, 2015). Because the Court has already decided the first factor, it will address only the second and third factor below.

Contrary to the Trustee's assertion, the Magistrate Judge considered the Trustee's argument "the role of the Bankruptcy Court will be the routine application of securities laws to the facts presented" and rejected it. ECF No. 12 at 10. In so doing, the Magistrate Judge cited to several cases in support of the conclusion the Corporate Defendants' claims will require

6

consideration of difficult and complex securities laws unrelated to the bankruptcy code. *Id*. at 11. Further, the Corporate Defendants correctly note in their reply they are asking the Court "to apply federal securities laws to a group of professionals (i.e., accountants and lawyers) in novel ways" by seeking to enlarge or replace existing case law regarding who is the "maker" of statements in securities laws. ECF No. 17 at 11-12. Finally, the Corporate Defendants raise significant issues of non-bankruptcy federal law concerning the *in pari delicto* defense and the propriety (or lack thereof) of the assertion of claims by a purported assignee who is also an alleged wrongdoer.

The cases cited by the Trustee in her objections involve routine applications of securities laws to the facts presented, such as determining shareholders' right to elect new directors during the pendency of a bankruptcy action. *See Holmes v. Grubman*, 315 F. Supp.2d 1376 (M.D. Ga. 2004). The cases cited by the Trustee are not analogous to the case at bar. The arguments raised by the Corporate Defendants are exactly the type of interpretive issues that make mandatory withdrawal appropriate in this case. For all the reasons set forth above, the Court will overrule the Trustee's second objection and hold mandatory withdrawal is appropriate under these facts and circumstances. Although this Court's holding mandatory withdrawal is appropriate is sufficient to decide the Corporate Defendants' motion, in an abundance of caution, the Court will address the parties' arguments regarding permissive withdrawal below.

The Trustee's third objection alleges "the Report erroneously shifts the burden from the Defendants, the movants, to the Trustee in showing permissive withdrawal is either appropriate or inappropriate." ECF No. 15 at 8. The Trustee avers the Report "cites cases for the proposition that 'generally' withdrawing the matter would meet the required factors for cause" and this finding "necessarily and erroneously shifts the burden of showing cause to the Trustee, the non-moving party." *Id*. at 10. The Court disagrees with the Trustee. The Magistrate Judge explicitly set forth

7

in the Report "the party seeking permissive withdrawal bears the burden of demonstrating cause" and the analysis in the Report does not improperly shift the burden as the Trustee suggests. ECF No. 12 at 7.

The Fourth Circuit has not enumerated factors to consider in determining a motion for permissive withdrawal, but other circuits substantially agree on the following factors when considering a motion for permissive withdrawal: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *See Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999 (9th Cir. 1997); *In re Orion Pictures Corp.*, 4 F.3d 1101 (2nd Cir. 1993); *In re Pruitt*, 910 F.2d 1160 (3rd Cir. 1990); and *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985). The Trustee contends the Magistrate Judge failed to make specific findings as to why adjudication before this Court will better serve these factors. The Court disagrees with the Trustee. Although the Magistrate Judge did not address every factor, she made specific findings concerning five of the six factors in her analysis. In an abundance of caution, this Court will analyze all six factors individually below.

The most important of the factors set forth above is whether the adversary proceeding sought to be withdrawn is core or non-core, "since it is upon this issue that questions of efficiency and uniformity will turn." *Orion Pictures*, 4 F.3d at 1101. Core proceedings are set forth in 28 U.S.C. § 157(b)(2) and, while the statutory list is not exhaustive, such proceedings arise from rights created by the Bankruptcy Code or consist of claims that could only arise in a bankruptcy proceeding. In a proceeding that is not "core," but otherwise related to a case under Title 11, the

bankruptcy court can only submit proposed findings of fact and conclusions of law to the district court: "any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c)(1). The Bankruptcy Court has determined, and all of the parties agree, all eleven causes of action set forth in the complaint are non-core claims. Further, the Corporate Defendants avow all of the claims arose before the petition was filed in Bankruptcy Court, which they further militates in favor of withdrawal because the claims arose before the bankruptcy case was initiated.

Although there is no case law from the Fourth Circuit directly addressing this issue, the Court is persuaded by the Magistrate Judge's reasoning and the reasoning cited by the Corporate Defendants and the Southern District of New York. *See, e.g., Adelphia Commc'ns Corp. v. Rigas*, No. 02 CIV.8495 GBD, 2003 WL 21297258, at *2 (S.D.N.Y. June 4, 2003) (finding that federal securities claims, RICO claims, and other state law claims were all non-core, not unique to a bankruptcy proceeding, did not directly affect a core bankruptcy function, and are not matters which the Bankruptcy Court would ordinarily be expected to have greater familiarity or expertise); *In re Joseph DelGreco & Co., Inc. v. DLA Piper*, 2011 WL 350281 (S.D.N.Y. Jan. 26, 2011) (finding traditional state law claims for legal malpractice in connection to a pre-petition transaction are non-core claims, requiring granting the law firm's motion to withdraw the reference). For all these reasons, the Court finds the first factor favors withdrawal of the reference.

The second factor is the uniform administration of bankruptcy proceedings. As the Magistrate Judge correctly noted in the Report, where the causes of action involve exclusively or almost exclusively state law and non-bankruptcy federal law issues, courts in this Circuit have held adjudication of the adversary complaint in district court will not result in the uneven administration

9

of bankruptcy proceedings.  Although the Trustee argues there are "complicated questions of Title 11 law that have been raised by the Defendants in response to the Complaint," the Court has reviewed both the complaint and the Corporate Defendants' answer and finds the overwhelming majority of the issues raised in the adversary proceeding involve the application and interpretation of non-bankruptcy federal law and South Carolina state law.  Thus, the Court finds the second factor weighs in favor of granting the Corporate Defendants' motion to withdraw the reference.

The third factor is expediting the bankruptcy process and promoting judicial economy.  The Trustee failed to specifically object to the Magistrate Judge's finding judicial economy favors withdrawal in light of the early procedural posture of this case (i.e., prior to the beginning of discovery).  Further, the bankruptcy case has been ongoing for three years, and can proceed while this case is before this Court.  Indeed, because the Corporate Defendants have demanded a jury trial, which must be heard in this Court absent the parties' consent, the Court finds expediting the bankruptcy process and promoting judicial economy is best served by withdrawing the case now, rather than waiting for the case to be ready for trial.

The fourth factor is the efficient use of debtors' and creditors' resources.  Although the Report and the Trustee's objections do not specifically address this factor, there is nothing in the record to suggest withdrawing the reference would result in excess cost to the parties.  However, the Court is again persuaded by the reasoning from the Southern District of New York, which has held defendants will likely incur extra cost and experience delays by having to multiply proceedings when initial findings made by the Bankruptcy Court are reviewed by the District Court, and this extra cost and delay weighs in favor of withdrawal.  *See, e.g. In re Money Ctrs. of Am., Inc.*, 579 B.R. 710 (S.D.N.Y. 2016).  Thus, the Court finds the fourth factor weighs in favor of granting the Corporate Defendants' motion to withdraw the reference.

The fifth factor is to consider whether granting a motion to withdraw the reference would increase the likelihood of forum shopping. This factor was not addressed by the Report or the Trustee's objections. However, the Corporate Defendants explicitly withheld their consent to the Bankruptcy Court's jurisdiction of the Trustee's claims and the Court finds the Corporate Defendants' actions, viewed collectively, do not indicate a desire to forum shop, but rather show a desire for one court to hear and oversee the entire adversary proceeding. Thus, this factor, while not given much weight, favors granting the Corporate Defendants' motion to withdraw the reference.

Finally, the sixth factor is the preservation of the right to a jury trial. Where defendants, as here, have a right to jury trial and do not consent to a jury trial in bankruptcy court, courts have found withdrawal of the reference promotes judicial economy. *See, e.g., In re Luis Elec. Contracting Corp.*, 100 B.R. 155 (E.D.N.Y. 1989). Some courts have found an adversary proceeding consisting entirely of non-core claims with a demand for a jury trial may create cause to withdraw the reference independent of the other four factors. *See, e.g., In re Joseph DelGreco & Co., Inc. v. DLA Piper*, 2011 WL 350281, *4 (noting that in this scenario, a District Court may find the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference). This Court agrees with the reasoning from other district courts and finds the right to a jury trial, coupled with the Corporate Defendants' refusal to consent to a jury trial in the bankruptcy court, weighs heavily in favor of withdrawing the reference.

In sum, five of the six factors favor granting the Corporate Defendants' motion to withdraw the reference. Specifically, the Court finds the nature of the claims (non-core) asserted in the complaint and the Corporate Defendants' right to a jury trial (and lack of consent to a jury trial in bankruptcy court) both weigh heavily in favor of granting the Corporate Defendants' motion. The

Court also finds withdrawing the reference would promote judicial economy at this stage of the litigation, would not affect the uniform administration of bankruptcy proceedings, and would be a more efficient use of the debtors' and creditors' resources. The final factor, aimed at reducing forum shopping, does not weigh in favor of either of the parties' positions. Therefore, the Court holds the Corporate Defendants have demonstrated cause warranting permissive withdrawal of the Adversary Proceeding.

IV. **Conclusion**

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of Court the Corporate Defendants' motion to withdraw the reference is **GRANTED.** The portion of the bankruptcy file that pertains to the adversary proceeding will be filed into the District Court civil case file by the Bankruptcy Court. The Bankruptcy Court will advise the District Court of any pending motions when the record is transmitted.

**IT IS SO ORDERED.**

Signed this 7th day of March 2019 in Columbia, South Carolina.

                                                          s/Mary Geiger Lewis
                                                          MARY GEIGER LEWIS
                                                          UNITED STATES DISTRICT JUDGE