IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| *In re:* | C/A No.: 4:18-1888-MGL-SVH |
| Dozier Financial, Inc., | |
| Debtor. | |
| _____ | |
| Janet B. Haigler, Chapter 7 Trustee, | |
| Debtor, | ORDER |
| v. | |
| Michael A. Dozier, Sequence Financial Specialists LLC, WebsterRogers, LLP, WebsterRogers Financial Advisors, LLC, Shilson, Goldberg, Cheung & Associates, and Willcox Buyck and Williams, P.A., | |
| Defendants. | |

This matter arises out of the July 29, 2014 involuntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* filed against Dozier Financial, Inc. ("Debtor"), in the United States Bankruptcy Court for the District of South Carolina ("the Bankruptcy Court") styled as *In re: Dozier Financial, Inc., Bankruptcy Case No. 14-04262-hb* ("Bankruptcy Case"). Michael A. Dozier ("Dozier") was the Chief Executive Officer of the Debtor, a member of its board of directors, and owned a majority interest of the Debtor's outstanding shares. [ECF No. 1-1 at 5]. Plaintiff Janet B.

Haigler is the Debtor's Chapter 7 Trustee ("Trustee").

On December 27, 2017, the Trustee filed Adversary Proceeding No. 17-80113-HB in the Bankruptcy Court against Dozier, as well as corporate defendants Sequence Financial Specialists LLC ("Sequence"); WebsterRogers, LLP; WebsterRogers Financial Advisors, LLC (collectively with WebsterRogers, LLP "WebsterRogers"); Shilson, Goldberg, Cheung & Associates ("SGC"); and Willcox, Buyck, & Williams, P.A. ("Willcox") ("Corporate Defendants").

The matter is before the court upon Corporate Defendants' motion to compel the Trustee to review and remove selected documents from the mirrored hard drives obtained from the Debtor. [ECF No. 32]. The Trustee opposes the motion. [ECF No. 35]. Dozier has not filed a response to the motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

Corporate Defendants' motion indicates they object to the method and materials the Trustee intends to produce in response to initial disclosures and in response to any requests for production served on the Trustee. [ECF No. 32]. The Trustee plans to produce all the documents and information obtained from the Debtor in the same form provided by the FBI, specifically

mirror images of the Debtor's hard drives. *Id.* at 1–2. After disclosure that the documents, as business records of the Debtor used by certain employees for personal matters, contain certain material some may find objectionable or pornographic, Corporate Defendants objected to the proposed method of production and demanded that Trustee produce only those documents that the Trustee may use to support her claims or defenses.

Pursuant to Fed. R. Civ. P. 34, the Trustee is required only to "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "While the party producing 'cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents,' the plain language of Rule 34 makes clear that 'a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.'" *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, No. 3:15-CV-03447-JMC, 2017 WL 5191841, at *2 (D.S.C. Nov. 9, 2017) (citing *Williams v. Taser Int'l, Inc.*, No. 1:06-CV-0051-RWS, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006)). If a party elects to produce documents "as they are kept in the usual course of business," the producing party "bear[s] the burden of showing that the documents were in fact produced in that manner." *Id.*

The Trustee has submitted an affidavit of an independent IT consultant who attests that the data included on the hard drives are in the same format as ordinarily maintained in the usual course of business. [ECF No. 35-1]. Therefore, the Trustee may produce the material as it was provided and in the manner it was kept in the ordinary course of business. Corporate Defendants' motion to compel the Trustee to remove certain documents from the mirrored hard drives [ECF No. 32] is denied. Should Defendants be unwilling to accept the materials, they do so at their own peril.

IT IS SO ORDERED.

*Shiva V. Hodges*

April 23, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge